Ashton Harris Pully, Jr.

v.

Zoning Appeals Board et al.

May 3, 1972

Case No. (Law) 15449

BY JUDGE PHILIP L. RUSSO

The complainant, Ashton Harris Pully, Jr., appeared before John E. Gibbs, the Zoning Administrator for the City of Virginia Beach, asking that he be granted a variance. A portion of the application reads as follows:

> Whereas, the Master Zoning Plan requires under Section 3, sub-section F, M-H, that said property is zoned for motel-hotel and a use permit is required for retail business. I request that I be granted a variance: to operate said property as a ski and clothing shop because exceptional narrowness, size and shape of property prohibits the property to be used in accordance with the present zoning and a variance would alleviate a hardship. Said variance not shared by other property owners and no detriment or change of character to the district will be encountered by the granting of the variance.

This application was then referred to the Board of Zoning Appeals, and said Board refused to hear the matter because it took the position that it lacked jurisdiction. The Board ruled that this was, in effect, an application for a use permit and not for a variance, and it accordingly ruled that it did not have jurisdiction to hear the matter since the City Council was the proper authority to issue a use permit.

Counsel for the complainant relies upon § 15.1–495 and § 15.1–496, Code of Virginia, 1950, as amended, for his authority that the Board of Zoning Appeals does have jurisdiction to hear this matter.

Counsel for the defendants contends that by virtue of § 15.1–491, Code of Virginia, 1950, as amended, the governing body of the City

of Virginia Beach, namely, the City Council, had authority to reserve unto itself the right to issue use permits. As a matter of fact, the governing body of the City of Virginia Beach, namely, the City Council, has reserved this right unto itself pursuant to the aforesaid § 15.1–491, Code of Virginia, 1950, as amended.

As is set forth in the complainant's application, the property in question is currently zoned for us as a motel or a hotel. There is a subsidiary use for a retail store if used in conjunction with a motel or hotel.

The complainant has asked the Board of Zoning Appeals to allow him to use the property in question for a retail store. As aforestated, this is a subsidiary use and not the primary use. In the opinion of the court, he must first obtain a use permit for the primary use, namely, for a motel or hotel, before he can be authorized to use a portion of the property for a retail store. It also appears to the court that what he is asking the Board of Zoning Appeals for is a permit to use the property as a retail store and is in effect asking for a use permit rather than a variance. While his application is entitled, "Application For A Variance," it is, in effect, an application for a use permit, and only the City Council can grant this.

As aforestated, in the opinion of the court, what the complainant is seeking is not a variance. One example of a variance is a case in which a person applied for a building permit to erect a structure on his property. Everything is in order except that the proposed building is too wide for the property in question because of certain side-line setback requirements. This person would then apply for a variance to be allowed to build a proposed structure beyond the side-line setback requirements. This is a request for a variance, and the Board of Zoning Appeals would have jurisdiction. However, as aforestated, in the opinion of this court, what this complainant is seeking is a permit to use the property for something other than a motel or hotel, and this is not a request for a variance, but rather for a use permit, and only the City Council has the authority to grant that relief.